**WILSON FARMS COAL CO., Plaintiff,**

v.

**Cecil D. ANDRUS, etc., Defendant.**

**Civ. A. No. 80–150.**

United States District Court,
E. D. Kentucky,
London Division.

July 15, 1981.

Ted Q. Wilson, Oneida, Tenn., for plaintiff.

Jane E. Graham, Asst. U. S. Atty., E. D. of Kentucky, Lexington, Ky., for defendant.

## MEMORANDUM

SILER, District Judge.

This matter is before the Court on the defendant's motion to dismiss and the plaintiff's opposition thereto. In its motion to dismiss, the Secretary of the Interior contends that judicial review of his decision is untimely, and this action is barred by the allegedly applicable thirty days statute of limitations for agency adjudicatory proceedings. The plaintiff responds that its action is timely filed pursuant to the allegedly applicable sixty days statute of limitations for agency rulemaking proceedings. Because the Court deems this action to be barred by the adjudicatory statute of limitations, an Order and Judgment dismissing this action will be entered this date.

In this action, the plaintiff, Wilson Farms Coal Co., appeals from a judgment of the Office of Hearing and Appeals of the Interior Board of Surface Mining and Reclamation Appeals, United States Department of the Interior, dated June 27, 1980, and substituted July 10, 1980. Federal district court review of the Secretary's determination in adjudication and enforcement proceedings arising under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.* (1981), is authorized by Section 526(a)(2), 30 U.S.C. § 1276(a)(2), which requires that judicial review be initiated "on or before 30 days from the date of [the Secretary's] order or decision." The decision from which the plaintiff appeals was issued on June 27, 1980, more than 30 days prior to the filing of the complaint on August 26, 1980. Even assuming a final judgment was not rendered by the Secretary until July 10, 1980, the 30 days limitations period had already elapsed by August 26, 1980.

 The limitations period provided by Congress in the case of challenges to adjudicatory decisions of the Secretary is entitled to strict deference and is jurisdictional in nature. Through strict application of the short statute of limitations, an expeditious and orderly process of judicial review of agency determinations under the Act is ensured, with minimal permanent harm to the environment. Courts faced with similar limitations periods under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (1981), *see, e. g., Homestake Mining Co. v. EPA*, 584 F.2d 862, 863 (8th Cir. 1978); *Appalachian Power Co. v. Train*, 566 F.2d 451, 458 (4th Cir. 1977); *Sun Enterprises, Ltd. v. Train*, 532 F.2d 280, 290–291 (2d Cir. 1976); *and Peabody Coal Co. v. Train*, 518 F.2d 940, 943 (6th Cir. 1975), and under the Clean Air Act, 42 U.S.C. § 7401 *et seq.* (1981), *see, e. g., Sears, Roebuck & Co. v. EPA*, 543 F.2d 359, 361 (D.C.Cir.1976) (*per curiam*), have held them to be strict statutes of limitations.

 The plaintiff may not avoid the finality of the limitations provision by alleging that the Secretary's decision constituted a rulemaking instead of an adjudicatory proceeding. Rulemaking decisions are decisions of general questions of policy and of law, and generally affect the regulated industry as a whole. Adjudicatory decisions are decisions on specific facts about particular problems, and generally do not affect the regulated industry as a whole. *United States v. Florida East Coast Railway Co.*, 410 U.S. 224, 245, 93 S.Ct. 810, 821, 35 L.Ed.2d 223 (1973); *Independent Bankers Association of Georgia v. Board of Governors of the Federal Reserve System*, 516

F.2d 1206, 1215 (D.C.Cir.1975). *Compare* 5 U.S.C. § 553 (1981) *with* 5 U.S.C. § 554 (1981).

█ It is clear from the face of the complaint that the decision of the Secretary arose out of adjudicatory proceedings relating to the activities of the plaintiff coal company, and did not arise from formal or informal rulemaking proceedings, purporting to affect the activities of the industry as a whole.[1] No doubt, the plaintiff is correct in its assertion that adjudicatory proceedings promulgate rules of law, as is alleged to have occurred in this case. Indeed, this process is the essence of our common law heritage. The promulgation of rules of law, however, does not transform by some alchemy an adjudicatory proceeding into a rulemaking proceeding. Since this action seeking judicial review of the Secretary's decision has been untimely filed under Section 526(a)(2) of the Surface Mining Control and Reclamation Act, this action must be dismissed. An appropriate Order and Judgment has been entered.

1. Although plaintiff claims the Act and regulations promulgated thereunder are unconstitutional, the primary attack here is upon the decision of the Secretary in holding that the permittee (plaintiff) is the proper party to be issued a notice of violation under the Act and a lease agreement between a permittee and a private party cannot relieve the permittee from its responsibilities under the Act.