UNITED STATES of America

v.

**LOG MOUNTAIN MINING COMPANY.**

Civ. No. 3–81–520.

United States District Court,
E.D. Tennessee, N.D.

July 21, 1982.

Robert S. More, Sp. Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

David A. Burkhalter, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

The United States brought this action to collect civil penalties in the amount of $20,-720.00 assessed against defendant. The case is presently before the Court on plaintiff's motion for summary judgment. Plaintiff has also moved to amend its pleadings to name Clarence Moore, individually and d/b/a Log Mountain Mining Company, as defendant. Plaintiff states that the amendment is necessary because Log Mountain Mining Company is a sole proprietorship of Clarence Moore rather than a corporation. The motion to amend is granted so that the pleadings will reflect the true parties in interest.

Defendant does not contest the violations which are the subject of the penalties. It is undisputed that the Secretary of Interior has assessed the $20,720 in penalties against defendant for Notices of Violation 80–2–32–16, 80–2–32–8. 80–2–46–14, 80–2–32–39, 80–2–53–5 and 80–2–53–12. It is also undisputed that defendant failed to exhaust his appeal rights for challenging these penalties. Relying on defendant's failure to challenge the violations or penalties through the exercise of his appeal rights, plaintiff contends that defendant has waived his right to contest the violations. 30 U.S.C. § 1268(c).

Defendant contends that 30 U.S.C. § 1268(c) is unconstitutional as a denial of due process and equal protection. The challenged provision provides that

*Notice; waiver.* Upon the issuance of a notice or order charging that a violation of the Act has occurred, the Secretary shall inform the operator within thirty days of the proposed amount of said penalty. The person charged with the penalty shall then have thirty days to pay the proposed penalty in full or, if the person wishes to contest either the amount of the penalty or the fact of the violation, forward the proposed amount to the Secretary for placement in an escrow account. If through administrative or ju-

dicial review of the proposed penalty, it is determined that no violation occurred, or that the amount of the penalty should be reduced, the Secretary shall within thirty days remit the appropriate amount to the person, with interest at the rate of 6 percent, or at the prevailing Department of the Treasury rate, whichever is greater. Failure to forward the money to the Secretary within thirty days shall result in a waiver of all legal rights to contest the violation or the amount of the penalty.

■ Defendant attacks the requirement that he pay the amount of the proposed penalty into escrow. He contends that the escrow provision is unreasonable, is a denial of access to the courts and is a deprivation of property without due process, citing *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

Four district courts have upheld the escrow provision. *United States v. Hill,* 533 F.Supp. 810 (E.D.Tenn.1982); *United States v. Thompson Brothers Coal Co., Inc.,* 532 F.Supp. 979 (W.D.Pa.1982); *B & M Coal Corp. v. Office of Surface Mining Reclamation and Enforcement,* 531 F.Supp. 677 (S.D.Ind.1982); *Blackhawk Mining Co. v. United States Department of Interior,* No. 79–136 (E.D.Ky. February 11, 1982). We have found no case holding this section unconstitutional after the Supreme Court's decision in *Hodel v. Virginia Surface Mining and Reclamation Association,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981).

The escrow provision was viewed by Judge Edward Dumbauld as

an appropriate means of discouraging frivolous resort to an additional avenue of delay for the purpose of prolonging the collection process and postponing the painful moment of payment. Past experience, as the legislative history shows, indicated the wisdom of enacting such a provision. 95th Cong., 1st Sess., S.Rep. No. 95–128, 58–59 (1977).

The temporary loss of use of a small sum for a short time is surely *de minimis* in comparison to the other expenditures and outlays which a coal operator is obliged to make in order to carry on business. If successful in upsetting or reducing the penalty he is reimbursed the amount prepaid, together with interest at 6% or that on Treasury bills, whichever is higher. This hardship is insufficient to constitute deprivation without due process.

532 F.Supp. at 979.

The validity of the escrow provision should be determined by looking to the reasonableness of the statutory scheme and its administrative regulations. Judge Frank Wilson described the procedural safeguards provided by the various levels of administrative review as follows:

"The procedures followed by the Secretary in assessing civil penalties, and the administrative and judicial appeal rights afforded mine operators, are set forth in 30 U.S.C. §§ 1268, 1275–76; 30 C.F.R. §§ 723.1 *et seq.;* and 43 C.F.R. §§ 4.1100 *et seq.* These procedures and appeal rights become applicable whenever a mine operator or permittee is issued a notice of violation or a cessation order under 30 U.S.C. § 1271(a).

"I. Within ten days of service of a notice or order, the permittee may submit written information concerning the violation(s) to the Office of Surface Mining Assessment Office. Any such information must be considered by the Assessment Office in determining whether to assess a civil penalty and how large a penalty to assess. 30 C.F.R. § 723.16(a). Within 30 days of the issuance of the notice or order, the Assessment Office must inform the permittee of its decision to assess a penalty and must serve on the permittee a copy of the proposed assessment. 30 U.S.C. § 1268(c); 30 C.F.R. § 723.16(b).

"II. If the notice or order requires the cessation of mining an informal public hearing must be held upon the request of the permittee, within 30 days of service of the citation. 30 U.S.C. § 1271(a)(5); 30 C.F.R. § 722.15. The hearing is conducted by a supervisory OSM employee, and the permittee may request that the

hearing be held on the mine site. The hearing officer must issue his decision affirming, vacating, or modifying the citation within five business days. 30 C.F.R. § 722.15(f).

"III. Also within 30 days of the issuance of any notice or order, the permittee may apply for formal review of the citation under 30 U.S.C. § 1275; 43 C.F.R. §§ 4.1160 et seq. The permittee may receive a full, adversarial, evidentiary hearing before an impartial administrative law judge, who reviews the validity of the notice or order and has the power to vacate, affirm, or modify the citation. Temporary relief may be requested under 30 U.S.C. § 1275(c); 43 C.F.R. §§ 4.1260 et seq.

Appeals to an administrative review board and judicial review rights are also available 43 C.F.R. §§ 4.1271 et seq.; 30 U.S.C. § 1276(a)(2).

"IV. Within 15 days of receipt of a notice of proposed assessment of civil penalty, the permittee may request an informal conference to review the amount of the penalty. 30 C.F.R. § 723.17(a). The conference is conducted by an OSM employee who has had no previous connection with the case. Any information presented by the permittee at the conference must be considered by the Assessment Office in deciding whether to affirm, vacate, raise, or lower the penalty 30 C.F.R. § 723.17(b).

"V. Finally, either within 15 days of the conclusion of the assessment conference (if one has been requested) or within 30 days of receipt of the notice of proposed assessment of civil penalty (if no conference has been requested), the permittee may apply for formal review of both the validity of the citation and the amount of the proposed penalty. 30 U.S.C. § 1268(c); 30 C.F.R. § 723.18; 43 C.F.R. §§ 4.1150 et seq. A full, adversarial, evidentiary hearing is held, as under remedy III described above. As a precondition of this final administrative remedy only, the permittee is required to pay the amount of the proposed penalty into an escrow account, 30 U.S.C. § 1268(c); 43 C.F.R.

§ 4.1152. If the permittee succeeds in having the penalty reduced or eliminated in this formal review process, any amount determined not to be owed must be refunded to the permittee with interest at the prevailing Department of Treasury rate. Id. Appeals to an administrative review board and judicial review are available here as well. 43 C.F.R. § 4.1270; 30 U.S.C. § 1276(a)(2)." (Footnote omitted).

814 F.Supp. at 814–15. Both the notices of violation and the notices of proposed assessment explained these administrative remedies to defendant.

The record indicates that defendant availed himself of only one of the various administrative remedies. He requested and received an informal assessment conference for Notice of Violation 8–2–32–8. As a result of the conference, the amount of the proposed penalty was reduced from $12,180 to $8,380.

.We agree with the views expressed in the cases cited above that the administrative review available to defendant satisfies the requirements of due process.

■ Defendant's equal protection argument is that § 1268(c) creates an arbitrary and unreasonable classification. He does not explain what the classifications are and we are unable to find that the statute creates any classifications. See United States v. Thompson Brothers Coal Co., supra. This argument is likewise without merit.

■ Defendant asserts in his affidavit that he did not knowingly waive his rights to appeal. He states that the notices were confusing and that he was unaware that he would have to pay for minor violations or for violations affecting the environment but which had been corrected. Samples of two notices received by defendant are attached as exhibits. Exhibit III is a notice of the administrative relief which defendant "may" request. Exhibit IV is a notice of proposed assessment of penalty. This notice states that.

THE PROPOSED PENALTY(IES) WILL BECOME FINAL AND PAY-

ABLE WITHIN 30 DAYS from the date you receive this letter UNLESS YOU REQUEST A CONFERENCE OR HEARING in accordance with the following instructions. . . .

The notice then explains how to request a conference or hearing, and that if a hearing is requested, the coal miner must submit a check or money order in the amount of the proposed penalty. If the check or money order is not submitted with the petition, the coal miner is advised that *"you may forfeit your right to a hearing."* Defendant contends that the use of the word "may" did not sufficiently warn him that his inaction would constitute a waiver of his rights.

We reject defendant's argument. It is undisputed that defendant received the notices of violations and proposed assessments, but took no action except for requesting one conference. The notice of the proposed assessment of penalty stated that the penalty would become final and payable unless a hearing or conference was requested. Defendant ignored these citations. We cannot find that the use of the word "may" in the notices justifies defendant's failure to seek administrative review of the proposed penalties. To the extent that the notices were confusing, defendant should have contacted the Office of Surface Mining, as the notices suggested, or sought legal counsel. This Court cannot sanction defendant's ignoring the citations of an agency of the Government. Defendant's failure to contest the proposed penalties through the available administrative procedures resulted in a waiver of his rights to contest the penalties at this time. 30 U.S.C. § 1268(c).

Defendant's last contention is that the penalties are void because the Secretary failed to inform him of the amount of the proposed penalty within 30 days of the issuance of the violations, as required by § 1268(c). We must disagree. A statutory time period is not jurisdictional unless it both expressly requires an agency to act within a particular time period and specifies a consequence for failure to comply with the provision. *See Usery v. Whitin Ma-* *chine Works, Inc.,* 554 F.2d 498, 501 (1st Cir.1977); *Fort Worth National Corp. v. Federal Savings & Loan Ins. Corp.,* 469 F.2d 47, 58 (5th Cir.1972); *Maryland Casualty Co. v. Cardillo,* 99 F.2d 432, 434 (D.C.Cir. 1938). Since § 1268(c) does not specify any consequence for the Secretary's failure to act within 30 days, the provision is not jurisdictional. Since the provision is not jurisdictional, and defendant has neither claimed nor shown any prejudice, we conclude that the penalties are not void.

For these reasons, it is ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that judgment enter in favor of plaintiff for $20,720.00.

Order Accordingly.