772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
TED Q. WILSON AND BARBARA T. WILSON, INDIVIDUALLY AND D/B/A
WILSON FARMS COAL CO., DEFENDANTS-APPELLANTS.
 NO. 84-5654
 United States Court of Appeals, Sixth Circuit.
 8/22/85
 
 E.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: MARTIN and JONES, Circuit Judges; and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant-defendants, Ted Q. Wilson and Barbara T. Wilson, doing business as Wilson Farms Coal Company (the Wilsons), appeal from the district court's grant of summary judgment to the plaintiff, United States of America (the Secretary), in this civil action to recover delinquent civil penalties assessed pursuant to the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C. Sec. 1201 et. seq. Upon consideration of the issues raised on appeal, we affirm the district court's judgment in favor of the Secretary.
 
 
 2
 In 1978, the Secretary issued two notices of violation (NOV) to the Wilsons (NOV 78-2-7-9, NOV 78-2-10-8). Because the Wilsons did not pay the penalties assessed for these violations, the Secretary sued. Judgment was entered in favor of the Secretary for $8,300, which the Wilsons paid. These prior penalties are currently relevant primarily because of the Wilson's claim that res judicata or collateral estoppel based upon satisfaction of the earlier judgment bars the Secretary's current suit.
 
 
 3
 The penalties that the Secretary now seeks to collect are the result of three cessation orders (CO) and one notice of violation. On January 14, 1979, the Secretary issued two cessation orders for the Wilsons' failure to abate the earlier violations (CO 79-2-7-2, CO 79-2-10-4). Within thirty days, as required by statute, notices of proposed assessment were sent to the Wilsons. These cessation orders were affirmed after a mine site hearing and the resulting penalty assessments were affirmed after an assessment conference. The Wilsons took no further administrative action and on March 14, 1983 final orders set the total penalty at $90,000.
 
 
 4
 The third cessation order was issued on July 25, 1979, for one violation (CO 200321). The CO was sustained after a mine site hearing and the resulting penalty assessment remained unchanged after an assessment conference. The Wilsons did not pursue further administrative proceedings and a final order, also issued on March 14, 1983, confirmed the $67,500 penalty.
 
 
 5
 The notice of violation currently under consideration (NOV 79-2-5-21) was issued on June 19, 1979, for three violations. After a full evidentiary hearing, an ALJ sustained the validity of the notice. Wilson Farms Coal Co. v. Office of Surface Mining, No. NX 9-88-R (1980). This decision was affirmed on administrative appeal, Wilson Coal Co., 1 IBSMA 118 (1980), and the Wilson's suit for review was dismissed as untimely, Wilson Farms Coal Co. v. Andrus, 518 F. Supp. 295 (E.D. Ky 1981), aff'd, 705 F.2d 460 (6th Cir. 1982). On July 17, 1980, a final order for $7,200 was issued. Together, these orders are the basis of the $164,700 in penalties which the Secretary is attempting to collect in the present suit. Faced with the Secretary's motion for summary judgment and the Wilson's motion to dismiss the complaint, the district court rejected the Wilson's defenses and granted summary judgment.
 
 
 6
 The Wilsons raise numerous issues on appeal, none of which have merit. First, the Wilsons assert that the doctrines of res judicata and collateral estoppel preclude the Secretary's suit. They contend that because the Secretary won a judgment against them and recovered penalties assessed for violations which occurred in 1978, the Secretary is precluded from assessing additional penalties for the Wilsons' failure to abate those violations. Res judicata and collateral estoppel bar relitigation of a cause of action identical to one that has previously been determined in a lawsuit between the two parties, or of an issue identical to one that has been previously determined in a lawsuit involving one of the parties. Anchor Motor Freight v. International Brotherhood of Teamsters, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 104 S. Ct. 81 (1983). Under SMCRA, the governing statute, the Wilsons failure to abate the violations is entirely independent from the initial violations for which the Secretary received judgment and payment of penalties. See 30 U.S.C. 1268(a), (h). The Secretary's suit to collect these penalties is not barred by either res judicata or collateral estoppel.
 
 
 7
 The Wilsons also allege that the penalties at issue in the present case are void because the Secretary failed to satisfy two notice requirements under SMCRA. First, the penalties allegedly are void because the Secretary failed to notify the Commonwealth of Kentucky following discovery of the Wilson's violations. 30 U.S.C. Sec. 271(a)(1) requires notice to state authorities, but sections 501(a) and 502 of SMCRA, 30 U.S.C. Secs. 1251(a), 1252, establish an interim regulatory program during which the Secretary was responsible for enforcement of initial performance standards. The relevant notices of violation and cessation orders were issued during this interim regulatory program.
 
 
 8
 The Secretary has interpreted SMCRA as not requiring notification to states during the interim phase of federal enforcement. This interpretation is entitled to deference, Udall v. Tallman, 380 U.S. 1, 16 (1965), and has been affirmed by agency decisions, Dayton Mining Co., Inc., 1 IBSMA 125 (1979); Kaiser Steel Co. v. OSM, 1 IBSMA 184 (1979). In Union Carbide v. Andrus, 13 ERC 1481, 1484-88 (S.D.W. Va. July 17, 1979), the court found that both the statutory language and the legislative history of SMCRA supported this policy. The Secretary's failure to notify Kentucky of the Wilsons' violations did not void the penalties.
 
 
 9
 The Wilsons also contend that the $67,500 penalty assessed on the basis of CO 200321 is void. The Secretary failed to send the Wilsons a notice of proposed assessment of penalty within thirty days of the date the CO was issued, as required by 30 U.S.C. 1268(c). In United States v. Log Mountain Mining Co., 550 F. Supp. 811, 815 (E.D. Tenn. 1982), the district court held that this provision was not jurisdictional and that unless a party can demonstrate actual prejudice, the Secretary's failure to comply with the thirty-day notice requirement does not void the penalty. Id. at 815. The Wilsons have not raised a genuine question of material fact concerning actual prejudice suffered by the Secretary's failure to satisfy this requirement. Therefore, the district court did not err.
 
 
 10
 The Wilsons allege that the prepayment provision of 30 U.S.C. Sec. 1268(c) violates their due process rights. That provision establishes the rule that failure to forward the amount of a penalty to the Secretary within thirty days of notice of a violation shall result in forfeiture of all legal rights to contest the violation or the amount of the penalty. This Court has thoroughly considered and rejected this due process challenge to the prepayment provision. See Blackhawk Mining Co., Inc. v. Andrus, 711 F.2d 753, 757-58 (6th Cir. 1983) (Per Curiam). The district court correctly rejected the Wilsons' attempt to reopen this question.
 
 
 11
 The Wilsons contend that the penalties imposed upon them in this case were so excessive as to constitute criminal sanctions which were imposed without due process. The Supreme Court has stated that 'the question whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction.' United States v. Ward, 448 U.S. 242, 248 (1980). Two tests are employed: 1) whether Congress labeled the penalty as criminal or civil; and 2) whether the penalty is so excessive as to negate Congress' label. Id. at 248-49. Congress has indicated clearly that penalties imposed under SMCRA are civil in nature. See 30 U.S.C. Sec. 1268(a)(d).
 
 
 12
 In order to negate this congressional determination, the Wilsons must offer the 'clearest proof' to establish that the statutory penalty is punitive in nature or effect. Ward, 448 U.S. at 249. The Wilsons' bare assertion that the penalties are excessive, unreasonable and punitive in nature does not constitute clear proof. SMCRA permits imposition of penalities of up to $5,000 for violations of the Act, 30 U.S.C. 1268(a), and penalties of not less than $750 per day for failure to abate a violation. In Ward, the Supreme Court upheld imposition of similar civil penalities under the Federal Water Pollution Control Act, 33 U.S.C. 1321(b)(6). In addition, monetary penalties have traditionally been regarded as civil in nature. See Helvering v. Mitchell, 303 U.S. 391, 400 (1938). Therefore, the district court did not err in rejecting the Wilsons' contention that the penalties are civil rather than criminal.
 
 
 13
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation