UNITED STATES of America,
Plaintiff–Appellee,

v.

Stanley FINLEY, Defendant–Appellant.

No. 86–5841.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1987.

Decided Dec. 10, 1987.

John T. Aubrey (argued), Lyttle and Aubrey, Manchester, Ky., Gene Clark, Manchester, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Karen Moore, Sp. Asst. U.S. Atty., U.S. Dept. of the Interior, Knoxville, Tenn., Vicki Plaut, Robert Klarquist, Dept. of Justice, Land and Natural Resources Div., Dianne Shawley (argued), U.S. Dept. of Environmental Enforcement, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WELLFORD and GUY,
Circuit Judges; and HARVEY, Senior
District Judge.*

RALPH B. GUY, Jr., Circuit Judge.

Defendant, Stanley Finley, appeals the entry of summary judgment in favor of plaintiff in this action brought under the Surface Mining Control and Reclamation Act of 1977 (SMCRA or Act), 30 U.S.C. § 1201, *et seq.* The district court determined that Finley's failure to exhaust administrative remedies, pursuant to 30 U.S. C. § 1268(c) of the Act, entitled plaintiff to judgment as a matter of law. For the reasons stated below, we affirm.

---

* Honorable James Harvey, United States District Court for the Eastern District of Michigan, sit-    ting by designation.

## I.

### The Surface Mining Act

The Surface Mining Act is a "comprehensive statute designed to establish a nation-wide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a); *Hodel v. Virginia Surface Mining and Reclamation Ass'n,* 452 U.S. 264, 268, 101 S.Ct. 2352, 2356, 69 L.Ed.2d 1 (1981). The statute specifies minimum permit and performance standards for coal mining and reclamation. 30 U.S.C. §§ 1256, 1257, 1258, 1265 and 1266. The Secretary of the Interior, acting through his authorized representatives, issues notices of violation and cessation orders where necessary to correct violations of the Act identified during inspections. 30 U.S.C. § 1271(a). Civil penalties may be assessed by the Secretary for violations of the Act based upon the issuance of notices of violation and cessation orders. 30 U.S.C. § 1268(a). Suit based on non-payment of civil penalties may be brought by the Attorney General at the request of the Secretary in any appropriate district court of the United States. 30 U.S.C. § 1268(d).

## II.

### The Administrative Process

The Act and the regulations promulgated by the Secretary provide specific administrative avenues through which relief from penalties may be sought. *See Shawnee Coal Co. v. Andrus,* 661 F.2d 1083, 1087 (6th Cir.1981). Within ten days of the service of a notice of violation, an operator may submit written information concerning the cited violations. 30 C.F.R. § 723.16(a). The Office of Surface Mining Reclamation and Enforcement (OSMRE) must consider such information in determining whether to assess a civil penalty and in determining the amount of the penalty. Within thirty days of the issuance of a notice of violation, the operator may apply for formal administrative review of the citation. 30 U.S.C. § 1275; 43 C.F.R. § 4.1160 *et seq.* The operator is entitled to a fully adversarial, evidentiary hearing before an administrative law judge, who reviews the validity of the notice or order and has the power to vacate, affirm, or modify the citation. At the hearing, the operator, who may be represented by counsel, has the opportunity to confront adverse witnesses and to present his own witnesses, evidence, and arguments. No deposit of any estimated penalty in escrow is required for this hearing.

The Secretary's regulations also authorize appeals to an administrative review board and the Act provides for judicial review of the Secretary's final order. 30 U.S.C. § 1276(a)(2); 43 C.F.R. § 4.1271 *et seq.* The decisions of the administrative law judge and the appeals board are based upon the applicable regulations and the evidence adduced at the hearing, and contain a statement of the reasons for the decision and the evidence relied upon. 30 U.S.C. § 1275(b).

Once an operator has been charged with a violation, the Secretary has thirty days to determine whether to assess a civil penalty, to calculate the amount of the penalty, and to inform the operator of the amount of the proposed penalty.[1] 30 U.S.C. § 1268(a). Within fifteen days after receiving a notice of a proposed assessment of a civil penalty, an operator may request an informal conference to review the amount of the proposed penalty. 30 C.F.R. § 723.17(a). At this "assessment conference," the operator may be represented by counsel and may present any witnesses, evidence, and arguments he deems appropriate. Any information presented by the operator at the conference must be considered by OSMRE in deciding whether to affirm, vacate, raise or lower the penalty. After a decision is made, the conference officer, who is an OSMRE employee having no previous connection with the case, serves on the opera-

---

1. The civil penalty for each violation may range from no penalty up to $5,000 and is based upon the operator's history of previous violations, the seriousness of the violations, the degree of negligence involved, and the operator's evidence of good faith in correcting the violation. 30 U.S.C. § 1268(a). The assessment is based upon a point system, and the notice to the operator states how many points are being assigned for each of the relevant factors. 30 C.F.R. § 723.11.

tor a copy of the new assessment. 30 C.F.R. § 723.17(b). This informal conference does not require an operator to deposit the proposed penalty in escrow.

Within fifteen days of the conclusion of the assessment conference or, if no conference is requested, within thirty days of the receipt of the proposed assessment and upon payment of the proposed penalty in escrow, the operator is entitled to a full, adversarial, evidentiary hearing conducted by an administrative law judge, in accordance with the standards of the Administrative Procedure Act, concerning both the validity of the cited violation and the amount of the proposed penalty. 30 U.S.C. § 1268(c). If the operator succeeds in having the penalty reduced further or eliminated as the result of this formal review, the amount improperly assessed, plus interest, must be returned to the operator within thirty days. However, if the operator fails to pay into escrow the full amount of the proposed penalty, all rights to contest the violation or the amount of the penalty are waived. 30 U.S.C. § 1268(c); 43 C.F.R. § 4.1152(c). An additional administrative remedy—an informal review of the notice of violation or cessation order—is available without deposit of the amount of the proposed penalty whenever the notice or order requires the cessation of mining. 30 C.F.R. § 722.15. Finally, the decision of the administrative law judge may be appealed to the Interior Board of Land Appeals and the Board's decision is subject to judicial review. 30 U.S.C. § 1276(a)(2); 43 C.F.R. § 4.1158.

## III.

*Statement of Facts*

On February 5, 1980, OSMRE Inspector Steve Martin conducted an inspection of Finley's mining operation in Clay County, Kentucky. As a result of his inspection, Inspector Martin issued Notice of Violation (NOV) No. 80–2–81–12 to Finley citing three violations of the Act.[2]

On February 13, 1980, Inspector Martin conducted a second inspection of Finley's mining operation and issued NOV No. 80–2–81–14 to Finley for failure to obtain a waiver for blasting and mining within the buffer zone of an occupied dwelling, in violation of 30 C.F.R. § 715.19(e) and 30 U.S.C. § 1272(e)(5). As a result of subsequent follow-up inspections of the Finley site, Martin issued Cessation Orders (CO) No. 80–2–81–1 and No. 80–2–81–2 to Finley for failure to abate the violations cited above.

On April 1 and April 16, 1980, OSMRE sent notices of Proposed Assessment for Civil Penalties addressed to Finley and Caleb Collins, by certified mail to Collins' home. Collins owned property adjacent to Finley's, and both properties were being jointly mined by the Hi–Flame Coal Co. The return receipt indicated that the documents were received on April 10, 1980. Finley participated in an informal conference on the penalty assessed for NOV No. 80–2–81–12. On February 27, 1981, OSMRE sent Finley and Collins the assessment conference report, by certified mail to Collins' home, informing them that the penalty amount had been reduced. Neither Finley nor Collins appealed the proposed assessment. OSMRE relied on the same notification process for civil penalties resulting from Finley's NOV No. 80–2–81–14, CO No. 80–2–81–1 and CO No. 80–2–81–2.

In March, 1981, Finley sought administrative review of the proposed civil penalties pursuant to section 518 of SMCRA. Finley's petition for review was not accompanied by prepayment of the amount of proposed civil penalty as required by the regulations[3] at 43 C.F.R. § 4.1152(b). On October 15, 1984, Administrative Law Judge Torbett issued an order affirming

---

**2.** Those violations were: failure to pass all surface drainage from the disturbed area through a sedimentation pond or series of sedimentation ponds, in violation of 30 C.F.R. § 715.17(a); failure to surface the access road with a durable nontoxic material, in violation of 30 C.F.R. § 715.17(1)(2); and failure to post mine identification signs and failure to post blasting signs, in violation of 30 C.F.R. § 712.12(b) and (c).

**3.** Finley only appealed the proposed civil penalty assessed for NOV No. 80–2–81–12 and CO No. 80–2–81–2.

the proposed assessment of civil penalties against Finley. Finley then petitioned the Interior Board of Land Appeals (IBLA) for discretionary review of ALJ Torbett's decision. By order dated November 29, 1984, the IBLA denied Finley's request for review, finding that, because of Finley's failure to prepay the proposed assessment, the IBLA lacked jurisdiction to consider the matter raised in the petition for discretionary review. Finley failed to pay the amount of the civil penalties and, on March 14, 1985, the United States filed suit in federal district court for collection pursuant to 30 U.S.C. § 1268(c).

The United States moved for summary judgment, asserting that Finley failed to exhaust his administrative remedies by failing to prepay the civil penalties and was therefore precluded from challenging the violations or the civil penalty assessments at that time. Finley asserted that he had not been personally served with the NOVs and proposed assessments, that OSMRE had failed to assess the civil penalties in a timely manner, and that OSMRE was bound by Kentucky's grant of exempt status to Finley's mining activities. The district court agreed that Finley had failed to exhaust his administrative remedies pursuant to 30 U.S.C. § 1268(c) and 30 C.F.R. Part 723 and granted the United States' motion for summary judgment. Judgment for the United States was entered in the amount of $34,300, together with interest and costs on July 3, 1986.

### IV.

On appeal, Finley asserts that the assessments against him are unenforceable because he was never personally served with the notices of violation. The United States responds that Finley is precluded from so arguing due to his failure to exhaust administrative remedies in accordance with 30 U.S.C. § 1268(c). The district court so held.

4. The ALJ also determined that the United States had jurisdiction to regulate the site, but refused to reach any other issues due to Finley's failure to prepay the assessments. This court has previously held that the prepayment requirement does not violate procedural due pro-

The problem with the government's exhaustion argument, however, is that the ALJ addressed and resolved Finley's notice argument.[4] The ALJ rejected Finley's challenge to the notice provision, finding that although Finley may not have personally received the notice of violation, he constructively received such notice through his agent, George Cousineau, who was an employee of the operator, Hi–Flame Coal. Finley is the president of Hi–Flame Coal. The ALJ also noted that Finley had not alleged any prejudice due to the lack of personal service, and that such service was consistent with the Act. 30 U.S.C. § 1271(a)(3). Apparently, then, the ALJ did not consider Finley's failure to prepay the assessments as precluding jurisdiction to consider this issue.

In any event, service on Finley clearly complied with OSMRE's regulation regarding notice, which states:

(a) A notice of violation or cessation order shall be served on the person to whom it is directed or his designated agent promptly after issuance as follows:

(1) By tendering a copy at the surface coal mining and reclamation operation to the designated agent or to the person to whom it is directed. If no such agent is reasonably available, a copy may be tendered to the individual who, based upon reasonable inquiry by the authorized representative, appears to be in charge of the surface coal mining and reclamation operation referred to in the notice or order....

Inspector Martin testified before the ALJ that he hand delivered the NOVs to George Cousineau, engineer for Hi–Flame Coal, and Caleb Collins, who were present at the Finley site on the dates of Martin's inspections. Under the standard established in the regulations, notice to Finley, by service on Hi–Flame Coal's engineer and Collins, was clearly adequate.

cess. *Blackhawk Mining Co. v. Andrus,* 711 F.2d 753 (6th Cir.1983). *Blackhawk,* it should be noted, involved a fine of $1900 and this was found to be "not of significant magnitude to overcome the government's interest" in respect to the prepayment scheme. *Id.,* at 757.

Nevertheless, in spite of this provision and the fact that he received actual notice, Finley seeks to challenge lack of personal service as violative of due process because the method employed in this case is not a method of notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Greene v. Lindsey,* 456 U.S. 444, 449–50, 102 S.Ct. 1874, 1878, 72 L.Ed.2d 249 (1982) (emphasis omitted).

We see no reason why Finley should be able to challenge the service regulation as a method not reasonably calculated to afford notice when he clearly received actual notice. Finley's veiled suggestions in his brief that he did not receive notice are simply untenable in light of his earlier participation in the informal conference and administrative hearing. We find this argument patently without merit.

We agree with the trial court that the remainder of Finley's arguments are precluded by his failure to exhaust administrative remedies. Accordingly, the judgment of the district court is AFFIRMED.