**BLACKHAWK MINING COMPANY, INC., Plaintiff-Appellant,**

v.

**Cecil D. ANDRUS, Secretary, Department of the Interior and United States of America, Defendants-Appellees.**

**No. 82–5141.**

United States Court of Appeals, Sixth Circuit.

Argued March 10, 1983.

Decided July 20, 1983.

Dan Jack Combs, Combs & Lester, Patricia Bartley (argued), Pikeville, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Jane E. Graham, Asst. U.S. Atty., Lexington, Ky., Christopher Harris, Atty., Policy, Legislation and Sp. Lit. Sec., Land and Natural Resources Div., John C. Martin (argued), Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ENGEL and CONTIE, Circuit Judges, and SWYGERT, Senior Circuit Judge.[*]

PER CURIAM.

Blackhawk Mining Company, Inc. ("Blackhawk"), a Kentucky surface mining company, appeals from a summary judgment against it sustaining the constitutionality of section 518(c) of the Surface Mining Control and Reclamation Act of 1977 ("the Act"), 30 U.S.C. § 1268(c). Blackhawk argues that this section's requirement of prepayment of proposed penalty assessments into escrow as a condition for formal review violates procedural due process under the Fifth Amendment. We disagree and affirm.

The material facts are undisputed. On December 12, 1978, Blackhawk was notified of three violations of the Act.[1] On January 25, 1979, the Office of Surface Mining ("OSM") of the Department of Interior advised Blackhawk that a penalty of $5,500 had been proposed for the violations.[2] An

---

[*] Honorable Luther M. Swygert, Senior Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

[1] The Notice of Violation contained the following warning:

IMPORTANT—PLEASE READ CAREFULLY

1. *Review.* You may apply for a review of this Notice by submitting an application for review, within 30 days of receipt of this Notice by you or your agent, to:
Hearings Division
Office of Hearings and Appeals
U.S. Department of the Interior
4015 Wilson Boulevard

Arlington, Virginia 22203

[2] The Notice of Proposed Assessment contained the following information:

THE PROPOSED PENALTY WILL BECOME FINAL AND PAYABLE WITHIN 30 DAYS from the date you received this letter UNLESS YOU REQUEST A CONFERENCE OR HEARING in accordance with the following instructions:

\*   \*   \*   \*   \*   \*

2. *If you wish only a hearing,* you must submit a petition for review within 30 days after the date you receive this letter to:
Office of Hearings and Appeals

Assessment Conference was held April 25, 1977 at Blackhawk's request pursuant to 30 C.F.R. § 723.17(a) at which the penalty was reduced to $1,900. Blackhawk then filed a petition for review with the Office of Hearings and Appeals, but refused to deposit the assessment in escrow. The petition was dismissed on June 1, 1979 for failure to pay the proposed penalties into escrow.

Blackhawk brought this suit against the Secretary of Interior ("the Secretary") on August 6, 1979 seeking a declaratory judgment that 30 U.S.C. § 1268 violates the Fifth Amendment due process clause. Blackhawk argued that the prepayment requirement worked a deprivation of its property without an adequate hearing. The Secretary denied the allegation and counterclaimed for the amount of the unpaid penalty. The district court granted the Secretary's motion for summary judgment and entered final judgment in favor of the Secretary. Blackhawk appeals.

Section 1268 provides civil penalties for violation of the Act's environmental impact provision. In pertinent part, the section provides:

**(b) Hearing**

A civil penalty shall be assessed by the Secretary only after the person charged with a violation described under subsection (a) of this section has been given an opportunity for a public hearing. Where such a public hearing has been held, the Secretary shall make findings of fact, and he shall issue a written decision as to the occurrence of the violation and the amount of the penalty which is warranted, incorporating, when appropriate, an order therein requiring that the penalty be paid. When appropriate, the Secretary shall consolidate such hearings with other proceedings under section 1271 of this title. Any hearing under this section shall be of record and shall be subject to section 554 of Title 5. Where the person charged with such a violation fails to avail himself of the opportunity for a public hearing, a civil penalty shall be assessed by the Secretary after the Secretary has determined that a violation did occur, and the amount of the penalty which is warranted, and has issued an order requiring that the penalty be paid.

**(c) Notice of violation; action required of violators; waiver of legal rights**

Upon the issuance of a notice or order charging that a violation of this chapter has occurred, the Secretary shall inform the operator within thirty days of the proposed amount of said penalty. The person charged with the penalty shall then have thirty days to pay the proposed penalty in full or, if the person wishes to contest either the amount of the penalty or the fact of the violation, forward the proposed amount to the Secretary for placement in an escrow account. If through administrative or judicial review of the proposed penalty, it is determined that no violation occurred, or that the

---

Hearings Division
U.S. Department of the Interior
4015 Wilson Boulevard
Arlington, Virginia 22203
*Your petition must be accompanied by a check or money order payable to "Assessment Office—O.S.M." in an amount equal to the total proposed assessment.* If you fail to submit the check or money order with your petition, or if the check is returned for nonpayment, or if the check or money order is written for an amount less than the total proposed assessment, *you may forfeit your right to a hearing. To assure proper credit for your payment, you must note on your check or money order the violations for which payment is being made.*
The proceeds of your check or money order will be held in escrow, and if after adminis-

trative or judicial review it is found that there was no violation or that the proposed penalty was too high, the balance will be refunded to you with interest at the rate of 6% or at the prevailing Department of the Treasury rate, whichever is greater.

\* \* \* \* \* \*

4. *If you wish both a conference and a hearing,* you should request a conference as described above. After the conference is complete or the Director of the Office of Surface Mining has approved the conference officer's recommendation (if required under 30 C.F.R. § 723.17(e)), whichever is later, you will have 15 days to request a hearing. The method for requesting a hearing is described in paragraph 2.

amount of the penalty should be reduced, the Secretary shall within thirty days remit the appropriate amount to the person, with interest at the rate of 6 percent, or at the prevailing Department of the Treasury rate, whichever is greater. Failure to forward the money to the Secretary within thirty days shall result in a waiver of all legal rights to contest the violation or the amount of the penalty. 30 U.S.C. § 1268(b) and (c). There is no dispute that section 1268(c) requires prepayment of assessed penalties before obtaining formal administrative review before an administrative law judge. Essentially, Blackhawk challenges the adequacy of the Act's procedural and administrative safeguards.

The Act and the regulations promulgated under it prescribe various administrative procedures and appeal rights for mine operators. These procedures and rights apply whenever a mine operator is issued a Notice of Violation. 30 U.S.C. § 1271(a).

Within ten days of service of a Notice of Violation, an operator may submit written information concerning the violation to the OSM Assessment Office. Any such information must be considered by the Assessment Office in determining whether to assess a civil penalty and the amount of the penalty. 30 C.F.R. § 723.17(a). Blackhawk failed to exercise this prerogative although advised of it in the Notice of Violation. Within 30 days of the issuance of a Notice of Violation, the Assessment Office must inform the operator of its decision to assess a penalty and serve a copy of any proposed assessment on the operator. 30 U.S.C. § 1268(c); 30 C.F.R. § 723.17(c). A Notice of Proposed Assessment was timely served on Blackhawk.

Within 30 days of the issuance of a Notice of Violation, the operator may apply for formal review of the citation. 30 U.S.C. § 1275(a)(1); 43 C.F.R. § 4.1162. The operator is entitled to a full, adversarial, evidentiary hearing before an administrative law judge, who reviews the validity of the citation and has authority to vacate, affirm, or modify it. Temporary relief may be requested. 30 U.S.C. § 1275(c); 43 C.F.R.

§§ 4.1260–1267. Appeals to an administrative review board (Board of Surface Mining and Reclamation Appeals) and district court judicial review rights are also available. 43 C.F.R. § 4.1270; 30 U.S.C. § 1276(a). Blackhawk did not avail itself of these procedures.

Within 15 days of receipt of a Notice of Proposed Assessment of a civil penalty, the operator may request an informal conference to review the amount of the penalty. 30 C.F.R. § 723.18(a). Prepayment of the proposed penalty into escrow is not a prerequisite to this "assessment conference." The conference is conducted by an OSM employee with no previous connection with the case. The operator may be represented by counsel. The Assessment Office must consider any information presented by the operator at the conference. 30 C.F.R. § 723.18(b). Blackhawk took advantage of this procedure and was successful in having the proposed penalty reduced from $5,500 to $1,900.

Finally, within 15 days of the assessment conference's conclusion (if one has been requested) or within 30 days of receipt of the Notice of Violation, the operator may obtain formal review of both the validity of the citation and amount of the penalty, provided it deposits the full amount of the proposed penalty into an escrow account. 30 U.S.C. § 1268(c); 43 C.F.R. § 4.1152(b)(1). This final administrative remedy entails a full, adversarial, evidentiary hearing before an administrative law judge. Following the hearing, any amount found to have been improperly assessed must be refunded with interest. If the operator fails to deposit the full amount of the proposed penalty in escrow, however, all legal rights to contest the violation or amount of the penalty are waived. 30 U.S.C. § 1268(c). Blackhawk refused to escrow the proposed penalty as required. Both the Notice of Violation and Notice of Proposed Assessment explained these administrative remedies to Blackhawk.

Although several district courts have upheld the Act's escrow requirement, *see, e.g., John Walters Coal Co. v. Watt,* 553 F.Supp.

838 (E.D.Ky.1982); *United States v. Log Mountain Mining Co.,* 550 F.Supp. 811 (E.D. Tenn.1982); *United States v. Hill,* 533 F.Supp. 810 (E.D.Tenn.1982); *United States v. Thompson Brothers Coal Co., Inc.,* 532 F.Supp. 979 (W.D.Pa.) *rev'd without published op.,* 696 F.2d 986 (3d Cir.1982),[3] only one circuit court has had an opportunity to address the issue. *B & M Coal Corp. v. Office of Surface Mining Reclamation and Enforcement,* 699 F.2d 381 (7th Cir.1983). It upheld section 1268(c) as well. *Id.*

■ While the fundamental requirement of procedural due process is the opportunity to be heard "at a meaningful time and in a meaningful manner," *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965), "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Three factors must be considered in determining whether the Act's statutory scheme denies procedural due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See, e.g., Goldberg v. Kelly, supra,* [397 U.S. 254] at 263–271 [90 S.Ct. 1011, at 1018–1022, 25 L.Ed.2d 287].

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

■ Blackhawk's only private interest in this case is the temporary deprivation of its money. The district court found the degree of potential deprivation "slight and significantly less than that of the welfare recipi-

ent in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)." We agree. Section 1268(c) requires reimbursement of improperly assessed penalties within 30 days with interest. Although in certain circumstances the prepayment requirement might possibly cause an operator to forego a business opportunity, this private interest is not of sufficient magnitude to overcome the government's interest.

The risk of an erroneous deprivation of Blackhawk's property interest under the Act's procedures is also slight. As described above, the Act prescribes several procedural safeguards, including an opportunity to submit written information and the right to an informal conference. As the Seventh Circuit concluded in *B & M Coal Corp.:*

> [T]he consequences of an operator's failure to take advantage of the relief available [does not] render[ ] the statutory scheme unconstitutional. The Act and its pertinent regulations are in accord with the "ordinary principle . . . that something less than an evidentiary hearing is sufficient prior to adverse administrative action." *Mackey v. Montrym,* 443 U.S. [1] at 13, 99 S.Ct. [2612] at 2618 [61 L.Ed.2d 321] (citations omitted).

699 F.2d at 385–86.

Finally, the district court correctly concluded that the government's interest in prompt assessment and collection of civil penalties to ensure compliance with the Act is substantial. The prepayment requirement was adopted to avoid the problem of noncollection of fines and to discourage delay of the collection process through frivolous appeals. S.Rep. No. 95–128, 95th Cong., 1st Sess. 58–59 (1977). We believe the legislative history reflects a rational basis for this provision. *See* 1977 U.S.Code Cong. & Admin.News 593–747; *see also, Hodel v. Virginia Surface Mining and Reclamation Ass'n,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981).

---

**3.** Only one district court has found the prepayment requirement of section 1268(c) unconstitutional. *Virginia Surface Mining and Reclamation Ass'n v. Andrus,* 483 F.Supp. 425 (W.D. Va.1980). This decision was reversed (on other grounds), however, by the Supreme Court. *Hodel v. Virginia Surface Mining and Reclamation Ass'n,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981).

Considering these three factors together, we conclude that the Act's procedural safeguards in connection with the section 1268(c) escrow requirement satisfy the demands of due process. Therefore, the judgment of the district court is affirmed.