LYLE CONSTRUCTION, INC., APPELLANT, *v.* OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF RECLAMATION, APPELLEE.

[Cite as Lyle Constr., Inc. *v.* Div. of Reclamation (1987), 34 Ohio St. 3d 22.]

(No. 86-1753—Decided December 9, 1987.)

*Thomas P. Michael* and *Neal S. Tostenson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Bryan F. Zima,* for appellee.

DOUGLAS, J. The instant appeal requires this court to determine whether the jurisdictionally required penalty prepayment provision set forth within R.C. 1513.02(F)(3) denies an insolvent mine operator due process of law or

equal protection of the laws. For the reasons expressed *infra,* we answer this question in the negative.

"It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375, 377 [15 O.O. 3d 450]; *State, ex rel. Taft,* v. *Campanella* (1977), 50 Ohio St. 2d 242, 246 [4 O.O. 3d 423]; *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142 [57 O.O. 134], paragraph one of the syllabus. Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *State* v. *Sinito* (1975), 43 Ohio St. 2d 98, 101 [72 O.O. 2d 54]; *Wilson* v. *Kennedy* (1949), 151 Ohio St. 485, 492 [39 O.O. 301]; *Eastman* v. *State* (1936), 131 Ohio St. 1 [5 O.O. 248], paragraph four of the syllabus." *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 61, 4 OBR 150, 151, 446 N.E. 2d 449, 450. See, also, *State* v. *Meadows* (1986), 28 Ohio St. 3d 43, 51-52, 28 OBR 146, 153, 503 N.E. 2d 697, 704; and *State* v. *McDonald* (1987), 31 Ohio St. 3d 47, 48, 31 OBR 155, 156, 509 N.E. 2d 57, 59. "* * * Thus, we are obligated to indulge every reasonable interpretation favoring the ordinance in order to sustain it." *Dorso, supra,* at 61, 4 OBR at 151, 446 N.E. 2d at 450; see, also, R.C. 1.47 which provides that "[i]n enacting a statute it is *presumed* that * * * compliance with the constitutions of the state and the United States * * * [are] intended." (Emphasis added.)

Keeping these principles in mind, we now address the question before us. Ohio's enforcement scheme for the reclamation of surface coal mining is di-

vided into two parts, a "guilt determination" stage and a "penalty determination" stage.[5] As the court of appeals correctly noted, "* * * an operator charged with a violation is afforded a *myriad* of appellate opportunities within the Division * * *. * * * [A]t no time during this 'guilt determination' stage is the operator required to prepay any penalty. * * * [A]fter the operator has availed himself of all of the avenues of appeal as to the violation, * * * [including review by the Reclamation Board of Review,] the operator is assessed a civil penalty and * * * subjected to the penalty determination stage. * * * Again, the operator is provided with the opportunity for an informal conference to review the amount of the penalty. No prepayment is required and the time allowed for payment of the penalty is tolled while the penalty is being reviewed in an informal conference. The only time the penalty must be prepaid is when review of the amount of the penalty is sought * * * [pursuant to R.C. 1513.02(F)(3), in the Reclamation Board of Review]." (Emphasis added.)

Appellant argues, however, that, notwithstanding the alternative review opportunities available without prepayment, insolvent coal miners are unable to prepay the penalty amount into escrow and thus are being unconstitutionally deprived of their right to review by the Reclamation Board of Review. We disagree.

Although this court has not previously passed upon this issue, at least three federal circuit courts of appeals and six federal district courts have upheld the constitutionality of a nearly identical penalty prepayment provision contained within the federal Surface

---

[5] The "guilt determination" stage is conducted pursuant to R.C. 1513.02(D) and 1513.13. The "penalty determination" stage is set forth within R.C. 1513.02(F)(3).

Mining Control and Reclamation Act of 1977, Section 1268(c), Title 30, U.S. Code.[6] Each of the referenced courts found that Section 1268(c) was not constitutionally infirm, because the comprehensive review procedures *preceding* the penalty prepayment stage substantially protected the mine operator's interest. Further, in *Graham* v. *Office of Surface Mining Reclamation & Enforcement* (C.A. 3, 1983), 722 F. 2d 1106, the Third Circuit Court of Appeals upheld the constitutionality of the penalty prepayment provision against an attack by an insolvent operator which was virtually identical to the cause now before us.

"* * * While the fundamental requirement of procedural due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner,' *Armstrong* v. *Manzo,* 380 U.S. 545, 552 * * * (1965), 'due process is flexible and calls for such procedural protections as the particular situation demands.' *Morrissey* v. *Brewer,* 408 U.S. 471, 481 * * * (1972)." *Blackhawk Mining Co.* v. *Andrus* (C.A. 6, 1983), 711 F. 2d 753, 757. Three factors have been set forth for determining what process is due an aggrieved party: "First, the private interest that will be affected by the official action; second,

the risk of an erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews* v. *Eldridge* (1976), 424 U.S. 319, 335.

Application of the *Mathews* standards to R.C. 1513.02(F)(3) indicates that the non-penalty prepayment review alternatives within R.C. Chapter 1513 are sufficient to provide mine operators, such as appellant herein, with a meaningful opportunity to be heard and, therefore, are constitutional.

First, appellant's private interest, although arguable, is not overriding. The statute acts only to temporarily deprive appellant of the use of the money paid into escrow during the pending appeal. *Graham, supra,* at 1111; *Blackhawk Mining Co., Inc., supra,* at 757. Further, the money must be returned within thirty days *with interest,* pursuant to R.C. 1513.02(F)(3), if appellant is successful in reversing the assessment. This court is convinced, therefore, that any poten-

---

[6] Section 1268(c), Title 30, U.S. Code, provides in part:

"* * * [I]f the person wishes to contest either the amount of the penalty or the fact of the violation, forward the proposed amount to the Secretary for placement into an escrow account. * * * Failure to forward the money to the Secretary within thirty days shall result in a waiver of all legal rights to contest the violation or the amount of the penalty."

The federal courts which have passed upon this issue include *Graham* v. *Office of Surface Mining Reclamation & Enforcement* (C.A. 3, 1983), 722 F. 2d 1106; *Blackhawk Mining Co., Inc.* v. *Andrus*

(C.A. 6, 1983), 711 F. 2d 753; *B & M Coal Corp.* v. *Office of Surface Mining Reclamation & Enforcement* (C.A. 7, 1983), 699 F. 2d 381, affirming (S.D. Ind. 1982), 531 F. Supp. 677; *United States* v. *Crooksville Coal Co.* (S.D. Ohio 1982), 560 F. Supp. 141; *John Walters Coal Co.* v. *Watt* (E.D. Ky. 1982), 553 F. Supp. 838; *United States* v. *Log Mountain Mining Co.* (E.D. Tenn. N.D. 1982), 550 F. Supp. 811; *United States* v. *Hill* (E.D. Tenn. S.D. 1982), 533 F. Supp. 810; *United States* v. *Thompson Brothers Coal Co.* (W.D. Pa. 1982), 532 F. Supp. 979, reversed and remanded without opinion (C.A. 3, 1982), 696 F. 2d 985. See, also, Annotation (1987), 82 A.L.R. Fed. 218.

tial deprivation which might occur under this section is of much lesser magnitude than the deprivation of funds earmarked for life's necessities, such as welfare benefits. *Goldberg* v. *Kelly* (1970), 397 U.S. 254.

Second, this court believes that under the present procedures, the risk of an erroneous deprivation is slight. As described above, R.C. Chapter 1513 prescribes several procedural safeguards, including hearings and review conferences, which may be utilized prior to any penalty prepayment being required. "['] * * * [A]n operator's failure to take advantage of the relief available [does not] render * * * the statutory scheme unconstitutional. * * * [']" *Blackhawk Mining Co., Inc.* at 757.

Finally, the government has a substantial interest in the prompt assessment and collection of penalties as part of its objective to insure compliance with R.C. Chapter 1513, Ohio's coal mining reclamation provisions. The prepayment requirement avoids the problem of non-collection of fines and discourages delays in payment due to frivolous appeals. *Graham, supra,* at 1111; *United States* v. *Crooksville Coal Co.* (S.D. Ohio 1982), 560 F. Supp. 141, 145. Therefore, this court concludes that since the penalty assessment procedures set forth in R.C. Chapter 1513 serve an important governmental interest and impinge only slightly upon the individual's interest, these procedures are constitutionally satisfactory.

Appellant argues, however, that it cannot afford to prepay its $229,150 penalty[7] and, therefore, it is effectively being denied the right to any further review of its claim on the merits. Although we agree that the practical effect of R.C. 1513.02(F)(3), under these facts, is to preclude appellant's right to review, we do not agree that such a result is constitutionally impermissible.

The United States Supreme Court has found that monetary prerequisites to court access are permissible unless the right attempted to be vindicated is fundamental *and* the courts provide the only means through which vindication of such right may be obtained. *Ortwein* v. *Schwab* (1973), 410 U.S. 656, 658-659 (a fee may be required to review the denial of welfare benefits), and *United States* v. *Kras* (1973), 409 U.S. 434 (a fee may be required to obtain a discharge in bankruptcy); see, generally, Note, Due Process, Court Access Fees, and the Right to Litigate (1982), 57 N.Y.U.L. Rev. 768, 770. Neither prong is met in the instant cause.

Appellant seeks to vindicate a right which is merely pecuniary in nature. Such interest is economic in character and *not* fundamental. *Ortwein, supra,* at 660; *Kras, supra,* at 445. Moreover, even were appellant's interest considered fundamental, appellant had access to, yet failed to utilize, available alternative administrative remedies not conditioned upon prepayment of the assessed penalty. Due process requires no more. *Ortwein, supra; Kras, supra.*

---

[7] While at first glance appellant's penalty assessment appears clearly prohibitive, it is worth noting that of the $229,150 total assessment, only $400 represents the fine imposed by appellee. The remainder of the assessment, fully $228,750, is composed entirely of $750 a day noncompliance fines, the *minimum* amount permitted by statute. Accordingly, although the total assessment herein is unquestionably large, all but $400 of such assessment was totally self-created by appellant.

Appellant additionally contends that R.C. 1513.02(F)(3) deprives it of equal protection of the laws because the statute discriminates against operators who are unable to prepay their assessed penalty. We do not agree.

For a statute to pass constitutional muster under an equal protection analysis it need only have, absent a suspect class or fundamental right, a rational basis for its classification. *Ortwein, supra; Kras, supra.* The instant cause concerns a classification based upon wealth, operators who can and cannot prepay their assessed penalty. Classifications based upon wealth alone have, however, never been found to be suspect. *San Antonio Independent School Dist.* v. *Rodriguez* (1973), 411 U.S. 1, 29. Thus, as no suspect classification exists herein, and this court has found, *supra,* appellant's pecuniary interest to be a nonfundamental right, there need only be a rational basis for the wealth classification contained within R.C.

1513.02(F)(3) to pass constitutional muster. We conclude, as did the court in *Graham, supra,* at 1114, that the legislature may rationally decide to require the prepayment of penalty assessments as a means of insuring the collection of penalties and encouraging compliance with Ohio's scheme of coal mine reclamation. Thus, we find that R.C. 1513.02(F)(3) suffers from no constitutional infirmities on equal protection grounds. Accordingly, we hold that the jurisdictional requirement of penalty prepayment set forth in R.C. 1513.02(F)(3) does not deprive an insolvent coal mine operator of either due process of law or equal protection of the laws.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.