**SUTTON, d.b.a. Sutton [Tire] Center, Appellant,**

v.

**SCHREGARDUS, DIR., Appellee.**

[Cite as *Sutton v. Schregardus* (1994), 94 Ohio App.3d 213.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005699.

Decided April 4, 1994.

*Stephen List,* for appellant.

*Lee Fisher,* Attorney General, and *David G. Cox,* Assistant Attorney General, Environmental Enforcement Section, for appellee.

———————

BAIRD, Judge.

This cause was heard upon the appeal of Kent Sutton, d.b.a. Sutton Tire Center, from a finding by the Ohio Environmental Board of Review, which found that the Director of the Ohio Environmental Protection Agency ("the director") acted lawfully and reasonably in assessing a $250 penalty against Sutton. We affirm.

Sutton Tire Center is a facility licensed under Ohio Adm.Code Chapter 3745–26 to conduct inspections of automobiles in furtherance of Ohio's Automobile Inspection and Maintenance program ("the AIM program"), codified at R.C. 3704.14 *et seq.* and Ohio Adm.Code 3745–26–11. This program requires an inspection of the emissions control systems of automobiles registered in certain Ohio counties, including Lorain County. As a licensed inspector, Sutton Tire Center is required to comply with the requirements of the AIM program, including the requirement that the facility correctly assess the condition of each automobile's emissions system and issue a passing or a failing certificate to the owner of each automobile tested, depending upon the outcome of the inspection.

On October 17, 1991, a covert audit of the Sutton facility was conducted by an agent of the Ohio Environmental Protection Agency ("Ohio EPA"). Before taking an automobile to the facility for inspection, the agent removed the evaporative canister from the vehicle. An automobile which is missing its

evaporative canister should not pass a proper inspection. However, after the inspection, Sutton Tire Center issued a passing certificate for the vehicle.

Because the issuance of a passing certificate on a tampered vehicle is a violation of Ohio Adm.Code 3745–26–11(D), and because the Sutton facility had previously been cited for two similar violations, the director assessed a $250 civil penalty against the facility. R.C. 3704.17(A). On appeal to the Environmental Board of Review ("EBR"), Sutton claimed that the $250 civil penalty was unlawful and unreasonable. The EBR conducted a hearing and found the penalty to be both lawful and reasonable. Sutton now appeals to this court, pursuant to R.C. 3745.06.

### Assignment of Error

"The Environmental Board of Review erred in adopting the recommendation of the Director of Environmental Protection and upholding the violation against the appellant in that this statutory enforcement scheme violates both the United States Constitution and the Constitution of the state of Ohio."

■ Appellant broadly asserts that the statutory scheme and appeals process deny him his right to due process and to the equal protection of the law. He argues that the proceedings are analogous to criminal proceedings, as he is in danger of losing his license to conduct the inspections. However, we note that there is nothing in the record to suggest that appellant's license was in jeopardy of revocation, and the proceedings at issue are clearly not criminal in nature. Therefore, the relevant due process claim which can be gleaned from appellant's brief is an allegation that he has been deprived of a property interest, in $250, without due process of law.

■ Appellant argues that the adjudicatory process does not allow him to present any evidence until the first appeal to the EBR and that, at that stage, the burden of proof was upon appellant to prove that he was not in violation of the relevant statutes. This is because the director bases the statement of violation only upon the agent's initial report and without consideration of the alleged violator's position. Upon appeal to the EBR, the EBR is required to determine whether the action of the director was lawful and reasonable, and the EBR cannot substitute its judgment for that of the director. Appellant alleges that the EBR is, therefore, nothing more than a "rubber stamp" of the director's determination and the EBR will never reverse the director's findings, unless the appellant can prove that the director's actions were unreasonable and unlawful.

In a proceeding before the EBR, the burden of proceeding is upon the appellant. Ohio Adm.Code 3746–5–30(A). In *N. Sanitary Landfill, Inc. v. Nichols* (1984), 14 Ohio App.3d 331, 337, 14 OBR 398, 403–404, 471 N.E.2d 492,

499, the Franklin County Court of Appeals recognized the distinction between the burden of proceeding and the burden of proof before the EBR, holding:

"The 'burden of proceeding' is the obligation of a party to proceed with evidence at the beginning or at any subsequent stage of the trial in order to make a *prima facie* case. This can be contrasted with 'burden of proof,' the necessity of establishing the existence of a set of facts by evidence which preponderates to a legally required extent."

Although the burden of proceeding is placed, by statute, upon the appellant in an appeal to the EBR, this is not synonymous with the burden of proof being placed upon the appellant.

■ Courts of appeals of Ohio have long recognized the unique nature of proceedings before the EBR. See, *e.g.*, *Citizens Commt. to Preserve Lake Logan v. Williams* (1977), 56 Ohio App.2d 61, 69–70, 10 O.O.3d 91, 96–97, 381 N.E.2d 661, 666–667. In determining the constitutionality of those proceedings, this court must presume the constitutionality of the relevant statutes. R.C. 1.47; *Lyle Constr., Inc. v. Div. of Reclamation* (1987), 34 Ohio St.3d 22, 24, 516 N.E.2d 209, 211. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo* (1965), 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66. We find that appellant was afforded that right to be heard and, therefore, the assignment of error is not well taken. The judgment of the EBR is affirmed.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.