OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas denying the motion for summary judgment filed by appellant, Heather E. Gilmore, and granting the motion for summary judgment filed by American Community Mutual Insurance Company ("ACMIC") against appellant. For the following reasons we affirm the decision of the trial court.
Appellant had major medical insurance coverage with ACMIC since November 1, 1989. On March 1, 1997, appellant underwent a Caesarian section and gave birth to her daughter, Haley L. Poland. Haley was injured during the delivery and suffered a skull depression. On March 24, 1997, ACMIC was notified of Haley's birth and was sent a hospital bill associated with Haley's medical care and treatment. ACMIC refused to pay Haley's medical expenses. On April 10, 1997, ACMIC received appellant's application to add Haley to the policy. Due to Haley's "health history," ACMIC declined the application. Upon verification of Haley's recovery, ACMIC eventually added Haley to appellant's policy, effective July 22, 1997. On the basis that Haley was not an insured, to date, ACMIC has refused to pay Haley's medical expenses associated with her delivery.
Appellant filed suit in the trial court on April 6, 1998 alleging breach of contract and lack of good faith. Both parties filed motions for summary judgment. The trial court held that, pursuant to the language of former R.C. 3923.26, Haley was not entitled to automatic coverage at the time of her birth. Accordingly, the trial court granted summary judgment in favor of ACMIC on appellant's breach of contract claim. Additionally, having found that the ACMIC had reasonable justification for its decision not to provide automatic coverage for Haley, the trial court awarded ACMIC summary judgment as to appellant's lack of good faith claim.
Appellant appealed the decision of the trial court and raises the following assignments of error:
 "I. THE TRIAL COURT ERRED IN RENDERING JUDGMENT THAT R.C. 3932.26 (AS FORMERLY IN EFFECT) COULD BE INTERPRETED TO MANDATE THE OFFERING OF NEWBORN INSURANCE COVERAGE FOR NEWBORN CHILDREN BORN TO MARRIED MOTHERS AND SINGLE MOTHERS WITH OTHER CHILDREN BUT TO EXCLUDE FROM THE MANDATE THE OFFERING OF NEWBORN INSURANCE COVERAGE FOR NEWBORN CHILDREN TO SINGLE MOTHERS WITH NO OTHER CHILDREN, AS SUCH INTERPRETATION VIOLATES THE EQUAL PROTECTION OF THE LAW.
 "II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR FURTHER TIME ON DISCOVERY ON PLAINTIFF'S CLAIM OF FAILURE TO ACT IN GOOD FAITH, AS IT WAS ALREADY IN THE RECORD OF THIS CASE THAT DEFENDANT HAD SENT PLAINTIFF THE NEWBORN BABY AMENDMENT RIDER WHICH IT USED FOR POLICIES SOLD IN INDIANA, BUT `MISTAKE', AND NOT APPLICABLE TO THIS OHIO POLICY, SUGGESTIVE THAT DEFENDANT WAS AWARE OF THE EQUAL PROTECTION PROBLEM AND HAD ACTED IN OTHER STATES TO CORRECT THE PROBLEM, BUT DID NOT DO SO IN OHIO UNTIL COMPELLED BY THE AMENDMENT OF R.C. 3932.26 TO DO SO."
This court notes that in reviewing a summary judgment, we must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant's policy, effective November 1, 1989, provided at page 7 of its "STANDARD PROVISIONS"[1] that in order for a newborn child to be automatically insured, more than one family member had to be insured under the policy when the birth occurred:
 "Family Members. You and your spouse are eligible to be Family Members. Your and your spouse's children are eligible if they are less than 22 years old, not married and dependent on you for their support. All persons must be insurable under our usual underwriting standards. To add a Family Member you must make an application to us on our form and pay the required premium. A child born after the Effective Date to you, if you are female, or to your spouse, if you are male, is automatically a Family Member if: (1) more than one Family Member is insured under this policy when the birth occurs; and (2) the child is your dependent. Coverage continues until the end of the Premium Period in which the birth occurs. To continue coverage for a newborn child past that date, we must be given written notice of the child's birth and be paid any required premium within 45 days after the birth, or the end of the Premium Period in which the child was born, if later." (Emphasis added.)
At the time of Haley's birth, R.C. 3923.26 required a health insurance policy to automatically provide coverage for a newborn if the policy provided coverage for family members of the insured:
 "Every * * * group sickness and accident insurance policy providing coverage on an expense incurred basis, and every individual sickness and accident insurance policy which provides coverage on an expense incurred basis, either of which provides coverage for family members of the insured, shall, as to such family members' coverage, also provide that any sickness and accident insurance benefits applicable for children shall be payable with respect to a newly born child of the insured from the moment of birth.
 "The coverage for newly born children shall consist of coverage of injury or sickness, including the necessary care and treatment of medically diagnosed congenital defects and birth abnormalities.
 "If payment of a specific premium is required to provide coverage for an additional child, the certificate or policy may require that notification of birth of a newly born child and payment of the required premium must be furnished to the insurer within thirty-one days after the date of birth in order to have the coverage continue beyond such period. * * *" (Emphasis added.)
ACMIC construed this statute to mean that if a parent already had another child or a spouse (i.e., a "family member" of the insured) who was also covered by the policy, then the policy was required to automatically add a newborn child. However, if the insured was the only person covered by the policy, then automatic coverage for newborns was not required.
R.C. 3923.26 was modified on June 30, 1997 to provide automatic coverage to newborns whenever a policy makes coverageavailable for family members of the insured; as opposed to requiring that coverage actually be provided:
 "Every group policy or certificate of sickness and accident insurance delivered, issued for delivery, or renewed in this state providing coverage on an expense-incurred basis, and every individual policy of sickness and accident insurance delivered, issued for delivery, or renewed in this state which provides coverage on an expense-incurred basis, either or which makes coverage available for family members of the insured, shall, as to such family members' coverage, also provide that any sickness and accident insurance benefits applicable for children shall be payable with respect to a newly born child of the insured from the moment of birth. * * *" (Emphasis added.)
However, the uncodified law under R.C. 3923.122 states that R.C.3923.26 only apples to policies delivered on or after June 30, 1997.[2] Hence, the current version of R.C. 3923.26 does not apply to Haley's situation.
Appellant argued in her motion for summary judgment that newborn children of married and single mothers must be afforded equal protection. Appellant asserted that former R.C. 3923.26 and the Ohio Parentage Act, R.C. Chapter 3111, must be read together. In so doing, appellant asserted that R.C. 3923.26 needed to provide insurance coverage for newborn children regardless of the mother's marital status. Accordingly, appellant argued that ACMIC's policy and its interpretation of former R.C. 3923.26 was unconstitutional because it treated babies born to single mothers differently than babies born to married mothers. Appellant argued that to deny coverage to newborn children of single mothers would violate the Equal Protection Clauses of the United States and Ohio Constitutions.
ACMIC responded to appellant's motion and filed a cross-motion for summary judgment. ACMIC asserted that, under former R.C. 3923.26 and ACMIC's policy language, whether the newborn child's mother was married or not is completely irrelevant to the issue of whether automatic coverage would be provided to the newborn child. Rather, ACMIC asserted, the determining factor is whether more than one "family member" was already insured at the time of the birth.
Section I, Fourteenth Amendment to the United States Constitution reads as follows:
 "SECTION 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
The Ohio Supreme Court has held that the equal protection guarantee of Section 2, Article I, Ohio Constitution is essentially identical to that afforded by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Kinney v. Kaiser Aluminum Chem. Corp. (1978),41 Ohio St.2d 120, 123. More recently, the Ohio Supreme Court, inConley v. Shearer (1992), 64 Ohio St.3d 284, stated:
 "`The equal protection of law implies that all litigants similarly situated may appeal to courts for both relief and defense under like conditions, with like protection, and without discrimination.' Sexton v. Barry (C.A.6, 1956), 233 F.2d 220, 224. `Equal protection of the law means the protection of equal laws. It does not preclude class legislation or class action provided there is a reasonable basis for such classification. The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws. [Citations omitted].' Dayton v. Keys (1969), 21 Ohio Misc. 105, 114.
"* * *
 "The test used in determining whether a statute is constitutional under the Equal Protection Clause depends upon whether a fundamental interest or suspect class is involved. `Under the equal protection clause, in the absence of state action impinging on a fundamental interest or involving a suspect class, a rational basis analysis is normally used. Where the traditional rational basis test is used great deference is paid to the state, the only requirement being to show that the differential treatment is rationally related to some legitimate state interest.' State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 11, * * *. See, also, Lyle Constr., Inc. v. Div. of Reclamation
(1987), 34 Ohio St.3d 22, * * *. Where a fundamental interest or suspect class is at issue, a stricter test is used, [citation omitted], and the government will have to demonstrate that a classification created by law is necessary to promote a compelling governmental interest. State ex rel. Brown v. Summit Cty. Bd. of Elections (1989), 46 Ohio St.3d 166, 168
* * *." Conley at 288-289.
In her first assignment of error, appellant asserts that ACMIC's policy language and interpretation of former R.C. 3923.26, violate the Equal Protection Clause because they only preclude newborn children of single women, who have no other children, from being automatically covered with insurance from the time of birth. Although we concur that children of single mothers, without other children, could be affected, we disagree that ACMIC's policy, or former R.C. 3923.26, only excludes coverage to this group. Rather, any time a parent is the only insured under his or her policy, automatic coverage for a newborn would not occur. For example: (1) a woman could be single and have other children, but if her children were not covered under her policy, her newborn would not be automatically covered because no other "family member" was insured with the woman; (2) a woman could be married, with or without other children, and if she had individual coverage for herself alone, her newborn would not automatically be covered under her policy; or (3) a man could be married, with or without other children, and if he had individual coverage for himself alone, a newborn baby born to his wife or significant other would not automatically be covered under his policy.
Hence, the determining factor under former R.C. 3923.26
and ACMIC's policy had nothing to do with gender or marital status; rather, the determining factor rested solely on the insured's contractual status, i.e., whether the insured was the only person covered or whether there were "family members" on the same policy with the insured. If the insured had other family members on the policy, then there was automatic coverage for the newborn; if there was only one person covered, then there was no automatic coverage for the newborn. As such, former R.C. 3923.26
could apply to the newborn children of men or women, who were married or single, and who either had or did not have other children.
Hence, we find that all newborns who were similarly situated would have been treated the same. See Conley, supra. All newborn children of insureds who had single coverage, i.e., had no "family members" on their policy, would not have been entitled to automatic coverage at birth, despite the parent's gender or marital status. Although we are incensed that an infant's injuries sustained during a delivery that was covered by insurance would not also be covered, we find that there is no violation of equal protection with respect to ACMIC's policy or former R.C. 3923.26. Appellant's first assignment of error is therefore found not well-taken.
Appellant asserts in her second assignment of error that the trial court erred in allowing her further time for discovery concerning ACMIC's failure to act in good fath. Specifically, appellant asserts that ACMIC was aware that its policy violated Haley's equal protection rights. As proof of ACMIC's knowledge, appellant points out that ACMIC already had a newborn baby amendment rider in place in Illinois which provided for automatic coverage of all newborns of any insured.
Initially, we note that there is no written request in the record for further discovery to be conducted. However, insofar as both the trial court and this court found that ACMIC's policy was lawful, appellant would have been incapable of proving that ACMIC lacked good faith in denying Haley's claim. Hence, regardless of any policy language drafted for another state, we find that ACMIC lawfully denied coverage for Haley's injuries sustained during birth, when she was not an insured under the policy. Accordingly, appellant's second assignment of error concerning her claim of lack of good faith is found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J., James R. Sherck, J.Richard W. Knepper, J., concur.
[1] Appellant attached to her complaint a copy of a policy with a "Newborn Amendment Rider" which contained different language than the "Standard Provision". ACMIC responded in its answer that the rider submitted with appellant's complaint was a form policy issued by ACMIC in Illinois and was not part of appellant's policy issued in Ohio. Appellant's counsel received the incorrect policy from ACMIC prior to litigation.
Appellant has offered no evidence that the Ohio policy was not the policy which applied. Accordingly, insofar as both parties reference the language from ACMIC's Ohio policy, we will limit our analysis to that policy language.
[2] Occasionally, the legislature will amend a statute to clarify its original intent. However, according to the legislative history, 1997 H 374, R.C. 3923.26 was amended "relative to the implementation of the federal Health Insurance Portability and Accountability Act of 1996 and insurance coverage of follow-up care for a mother and newborn." As such, we cannot infer that the previous legislative intent was to provide automatic coverage to newborns.