DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas which, following a jury trial, found appellant, Daniel E. Hickam, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On September 29, 2000, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1); one count of felonious assault in violation of R.C. 2903.11(A)(2); two counts of kidnaping in violation of R.C. 2905.01(A)(2); and two counts of abduction in violation of R.C. 2905.02(A)(2). Each count carried a firearm specification.
 {¶ 3} Appellant entered pleas of not guilty on October 13, 2000. Appellant's trial commenced on August 9, 2001 and trial continued on August 10 and 13, 2001. On August 13, 2001, appellant filed a motion to dismiss and for acquittal on the two counts of abduction. Appellant argued that R.C. 2905.02(A)(2) was violative of his constitutional rights as the charge in the indictment and the statute of "or place the other person in fear" was "of such a standard as to render it meaningless." Counsel for appellant made a motion for acquittal pursuant to Crim.R. 29 at the close of the state's case in chief and at the close of the defendant's case. The trial court overruled the motions.
 {¶ 4} On August 13, 2001, the jury found appellant guilty of two counts of abduction in violation of R.C. 2905.02(A)(2), felonies of the third degree, with firearm specifications. Appellant was found not guilty of the other charges.
 {¶ 5} On November 14, 2001, appellant was sentenced to a term of one year on each of the abduction counts, to be served concurrently, and to a term of three years on the firearm specification, to be served prior to the year on the abduction counts. Appellant filed a timely notice of appeal.
 {¶ 6} Appellant sets forth the following two assignments of error:
 {¶ 7} "Appellant's conviction must be reversed, as it was based upon R.C. 2905.02(a)(2) which is unconstitutionally vague and violates due process rights guaranteed by the U.S. and Ohio Constitutions.
 {¶ 8} "Appellant was denied effective assistance of trial counsel to his prejudice and in violation of the U.S. and Ohio Constitutions."
 {¶ 9} In his first assignment of error, appellant argues that R.C. 2905.02(a)(2) is unconstitutionally vague and violates due process rights guaranteed by the United States and Ohio Constitutions. This court finds no merit in this assignment of error.
 {¶ 10} Appellant was found guilty of abduction in violation of R.C. 2905.02(A)(2), which states:
 {¶ 11} "No person, without privilege to do so, shall knowingly * * *
 {¶ 12} "* * *
 {¶ 13} "By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear * * *."
 {¶ 14} Appellant's argument focuses upon the phrase "place the other person in fear * * *." Appellant argues that the statute lacks definition, an objective standard or even a requirement that the fear be reasonable.
 {¶ 15} A defendant who brings a facial vagueness challenge faces a heavy burden. All enactments by the legislature enjoy a strong presumption of constitutionality. State v. Collier (1991),62 Ohio St.3d 267, 269; State v. Anderson (1991), 57 Ohio St.3d 168,171, certiorari denied (1991), 501 U.S. 1257. When considering a vagueness claim, all doubts will be resolved in favor of the constitutionality of the statute. State v. Gaines (1990),64 Ohio App.3d 230, 234.
 {¶ 16} A statute is unconstitutionally vague if it either forbids or requires the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application. State vs. Phipps (1979), 58 Ohio St.2d 271, 273. By the same token, however, a statute is not necessarily void for vagueness merely because it could have been more precisely worded. State v. Dorso
(1983), 4 Ohio St.3d 60, 61. A statute is not required to reach a level of absolute mathematical certainty, State v. Schaeffer (1917),96 Ohio St. 215, 236, or meet impossible standards of specificity. Statev. Reeder (1985), 18 Ohio St.3d 25, 26. Furthermore, a statute will not be found void for vagueness if any reasonable interpretation can be given to its language. Lyle Constr., Inc. v. Div. of Reclamation (1987),34 Ohio St.3d 22, 24.
 {¶ 17} Absent evidence to the contrary, legislatures are presumed to have used words according to their generally accepted meaning and in their ordinary sense. State ex rel. Carson v. Jones (1970),24 Ohio St.2d 70, 72. The legislature need not define every word of a statute. "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. * * *" Jordan v. De George (1951),341 U.S. 223, 231-232.
 {¶ 18} However, as noted in Village of Hoffman Estates v. TheFlipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 495, a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Where a court finds that the complainant's conduct fell within the statute's proscriptions, the complainant may not then rely upon hypothetical situations to demonstrate the unconstitutional vagueness of the statute.State v. Echols (Mar. 15, 1995), Montgomery App. Nos. 14457, 14460, 14373, 14679, 14637, and 14639.
 {¶ 19} In the case sub judice, appellant's conduct fell within the portion of R.C. 2905.02(A)(2), prohibiting use of force or threat to restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, when he brandished and held a loaded gun at the two victims.
 {¶ 20} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 21} In his second assignment of error, appellant argues that he was denied effective assistance of trial counsel when his trial counsel failed to challenge the admissibility of a police officer's testimony and failed to object to the admissibility of appellant's statement to this officer. This court finds no merit in this assignment of error.
 {¶ 22} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693.
 {¶ 23} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 24} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Id. at 351.
 {¶ 25} Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart
(1988), 57 Ohio App.3d 4, 10.
 {¶ 26} Appellant contends that trial counsel was ineffective in failing to object to a police officer's testimony about a statement made by appellant to the officer. The officer testified that appellant, whom the officer knew from dealing with him as a juvenile, stated to him: "I screwed up. I shouldn't have pointed a gun at him." This statement was made to the officer after appellant had invoked his Miranda rights.
 {¶ 27} However, appellant's argument overlooks the fact that his statement to the police officer was gratuitous and unsolicited by the officer. His statement was not the result of any police interrogation, but was provided by his own initiative in the absence of any questioning. Thus, there was no constitutional violation to challenge. His statement was not elicited by any action or question by the police officers that was reasonably likely to elicit an incriminating response. Thus, the statement falls squarely within the category of volunteered statements to which Miranda is inapplicable, and the admission of the statement did not violate appellant's constitutional rights.
 {¶ 28} Unsolicited statements made by a criminal suspect are not subject to suppression under the mandate of Miranda. Akron v. Milewski
(1985), 21 Ohio App.3d 140, 141. In order for statements to be suppressed due to the failure of police to advise a criminal defendant of Miranda warnings, such statements must be in response to custodial interrogation. "Interrogation" refers to explicit questioning and to words or actions on the part of police officers which such police officers "should know are reasonably likely to induce an incriminating response from the suspect." State v. Williams (1983), 6 Ohio St.3d 281, paragraph five of the syllabus. There is no evidence in the case sub judice which indicates that appellant's statement was made in response to custodial interrogation.
 {¶ 29} Having determined that appellant's unsolicited comment was not subject to suppression under the mandate of Miranda, there would be no basis for appellant's trial counsel to object to the police officer's testimony about appellant's unsolicited comment. Therefore, appellant's trial counsel was not ineffective for failing to object to this testimony.
 {¶ 30} This court has reviewed the performance of appellant's trial counsel in light of the errors of practice appellant asserted. This court concludes, on the state of this record, appellant has failed to demonstrate that his trial attorney's conduct at trial was either ineffective or prejudicial.
 {¶ 31} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 32} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.